JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

*18cv2669*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

*Wells Fargo Bank, N.A.*

**(b)** County of Residence of First Listed Plaintiff *Fort Mill, SC*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
*Phelan Hallinan Diamond & Jones  215-563-7000*
*1617 JFK Blvd, Ste 1400 Phila. PA 19103*

**DEFENDANTS**

*Phila.*

County of Residence of First Listed Defendant *Phila.*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*   *215-806-1733*
*Joshua Thomas   225 Wilmington*
*Joshua L Thomas & Assoc.   W. Chester Pk. Ste 200*
*Chadds Ford PA 19317*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
*18 USC 1341*

Brief description of cause: *Foreclosure improperly pursued*

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ ___   CHECK YES only if demanded in complaint:   JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*   JUDGE *Idee C. Fox*   DOCKET NUMBER *17100 1006*

DATE *6/19/18*   SIGNATURE OF ATTORNEY OF RECORD   *JUN 26 2018*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

18    2669

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 3496 Stateview Blvd. Fort Mill SC 29715

Address of Defendant: 2285 Bryn Mawr Ave. Apt. 116 Phila. PA 19131

Place of Accident, Incident or Transaction: 5200 W. Montgomery Ave H, Phila. PA 19131

---

**RELATED CASE, IF ANY:**

Case Number: 171001006     Judge: Edee C. Fox     Date Terminated: N/A

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☑     No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☑     No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐     No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/18/18     _____     _____
                        *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases
  *(Please specify):* 18 USC 1341

**B.     Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Joshua Thomas, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

JUN 26 2018

DATE: 6/18/18     _____     312476
                        *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Wells Fargo Bank N.A.  :   CIVIL ACTION
   v.     :
Tarani Johnson, et. al  :   NO.   18   2669

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✗)

6/18/18   Joshua Thomas   Tarani Johnson
**Date**    **Attorney-at-law**   **Attorney for**

215-806-1733  866-314-8910  JoshuaLThomas@gmail.com
**Telephone**   **FAX Number**   **E-Mail Address**

(Civ. 660) 10/02

JUN 26 2018







# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A, ~T/B/M~ Wachovia Mortgage FSB F/K/A Plaintiff, World Savings Bank FSB<br><br>v.<br><br>TARANI A. JOHNSON<br><br>And<br><br>STATE TRUSTEE SERVICES, LLC AS TRUSTEE OF WEST MONTGOMERY LAND TRUST<br><br>Defendants. | CIVIL ACTION NO.:<br><br>*Civil Action*      18      2669<br><br><br><br>COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL DIVISION<br><br>No. 171001006 |

FILED
JUN 26 2018
KATE BARKMAN, Clerk
By _____ Dep. Clerk

**PLEASE TAKE NOTICE** that the Defendant TARANI A. JOHNSON (Defendant), through her undersigned counsel, hereby files this Notice of Removal Pursuant to 28 U.S.C. §1441, because the subject matter of the action is within the original jurisdiction of the Eastern District Court of PA pursuant to 28 U.S.C. §§1332(a) and 1367. The Defendant hereby removes to the Eastern District Court of PA all claims and causes of action in the civil WELLS FARGO BANK, N.A. VS JOHNSON ETAL, in the Philadelphia Court of Common Please, Docket number 171001006 ("The State Action".)

The grounds for removal are as follows:

1. The District Court has removal jurisdiction under 28 U.S.C. §1331, because the subject matter of the action is within the original jurisdiction of the district court pursuant to Federal Court Jurisdiction.

2. The Defendant attempted to make payments with Federally insured bonds to payoff the loan in this matter.

3. The payments were confirmed received, but allegedly improperly returned by Plaintiff.

4. Problematically, these bonds were not received back by Defendant in a timely manner, as such, it is unclear what Plaintiff did with said bonds.

5. Further, Plaintiff did not give a proper reason for not accepting, and applying the face value of those bonds to the total amount owed by Defendant in this matter.

6. The alleged act of improperly returning those bonds was a breach of 18 U.S. Code § 1341.

7. There are two elements in mail fraud:

   a. (1) having devised or intending to devise a scheme to defraud (or to perform specified fraudulent acts), and

   b. (2) use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)."

   *Schmuck v. United States, 489 U.S. 705, 721 n. 10 (1989).*

8. In this case, the underlying Foreclosure action was filed on October 7, 2017 at docket number 171001006. (See Exhibit A).

9. After that time, Defendant sent payment, in full, via a Federal Bond.

10. Plaintiff's attorney **confirmed** receipt of this payment, however Plaintiff apparently returned these bonds, and chose not to apply them, rather choosing to pursue a now improper Foreclosure action.

11. They allegedly sent the bonds back in the mail, yet to date, Defendant did not receive them.

12. Even if Defendant does received them, it is still fraud, as the payments would have paid of the mortgage in full, Plaintiff is instead choosing to pursue a Foreclosure actions improperly.

13. Bringing this improper case to fruition would be committing a sever act of fraud, by taking Defendant's house improperly.

14. Plaintiff admitted to using the mail service to perpetuate this fraud.

15. As such, there is no question that Plaintiff has violated 18 U.S. Code § 1341 by attempting to proceed with this action.

16. If the court finds these facts to be true, they can, and should, dismiss the underlying action with prejudice, and sanction the plaintiff accordingly.

**WHEREFORE**, Defendant requests that the Court dismiss the underlying Foreclosure action.

Dated: June 18, 2018

/s/ Joshua L. Thomas

**Joshua L. Thomas & Associates, PLLC**
**Joshua L. Thomas, Esq.**
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone:215-806-1733
Fax: 888-314-8910
E-mail: JoshuaLThomas@gmail.com

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on June 18, 2018 I caused to be mailed a copy of the foregoing

pleadings on behalf of the Defendants to attorneys for plaintiff, PHELAN HALLINAN 1617

JFK BLVD SUITE 1400 PHILADELPHIA PA 19103.

Dated: June 18, 2018

/s/ Joshua L. Thomas
Joshua L. Thomas, Esquire

# EXHIBIT A



Filed and Attested by the
Office of Judicial Records
07 OCT 2017 12:20 pm
M. BRYANT

PHELAN HALLINAN DIAMOND & JONES, LLP          ATTORNEY FOR PLAINTIFF
Abigail Brunner, Esq., Id. No.319034
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
Abigail.Brunner@phelanhallinan.com
215-563-7000

## IN THE COURT OF COMMON PLEAS OF
## PHILADELPHIA COUNTY, PENNSYLVANIA

WELLS FARGO BANK N.A. S/B/M WACHOVIA
MORTGAGE FSB F/K/A WORLD SAVINGS BANK          CIVIL DIVISION
FSB
3476 STATEVIEW BOULEVARD                        NO.:
FORT MILL, SC 29715
              Plaintiff,
vs.

TARANI A. JOHNSON
2285 BRYN MAWR AVENUE, APT 116
PHILADELPHIA, PA 19131-2509

STATE TRUSTEE SERVICES, LLC AS TRUSTEE
OF WEST MONTGOMERY LAND TRUST
6375 SOUTH PECOS ROAD, SUITE 200
LAS VEGAS, NV 89120-3270

              Defendants.

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Case ID: 171001006
PH # 978201

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral and Information Service
Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, PA  19107
Telephone (215) 238-6333

### (SEE ATTACHED ESPANOL AVISO)

### <u>AVISO</u>

Le han demandado a usted en la corte.  Si usted desea defenderse de las demandas expuestas en las paginas siguientes, debe tomar acción dentro de veinte (20) dias al partir de la fecha de la demanda y el aviso y debe asentar una comparencia escrita, en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciónes a las demandas en su contra.  Sea avisado que si usted no se defiende, el caso puede proceder sin usted y se puede registrar una sentencia eontra usted por la corte sin otro aviso para cualquier dinero reclamado en esta demanda u otros reclamos o compensación solicitado por el demandante.  Usted puede perder dinero o sus propiedades u otros derechos importante para ti.

USTED DEBE LLEVAR ESTE PAPEL A SU ABOGADO CUANTO ANTES.  SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELEFONO A LA OFICINA QUE ESTA SIGUIENTE.  ESTA OFICINA PUEDE PROVEERLE INFORMACIóN SOBRE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ESTA OFICINA PODRIA PROVEERLE INFORMACIóN SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES GRATIS O BAJO COSTO PARA PERSONAS ELEGIBLE.

ASSOCATION DE LICENCIDADOS DE FILADELFIA
SERVICE DE REFERENCIA E INFORMACION LEGAL
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA  19107
(215) 238-6300

### <u>CIVIL ACTION - COMPLAINT IN MORTGAGE FORECLOSURE</u>

And now comes WELLS FARGO BANK N.A. S/B/M WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK FSB, by its attorneys, Phelan Hallinan Diamond & Jones, LLP and files this Complaint in Mortgage Foreclosure as follows:

Case ID: 171001006
PH # 978201

1.      The Plaintiff is WELLS FARGO BANK N.A. S/B/M WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK FSB, 3476 STATEVIEW BOULEVARD, FORT MILL, SC 29715 (hereinafter "plaintiff").

2.      The Defendant is, TARANI A. JOHNSON, with a last known address of 2285 BRYN MAWR AVENUE, APT 116, PHILADELPHIA, PA 19131-2509.

3.      The Defendant is, STATE TRUSTEE SERVICES, LLC AS TRUSTEE OF WEST MONTGOMERY LAND TRUST, with a last known address of 6375 SOUTH PECOS ROAD, SUITE 200, LAS VEGAS, NV 89120-3270.

4.      In order to protect the borrower's privacy, certain personal information of the borrower (such as loan account, Social Security numbers and birth dates), may have been partially or completely redacted on the exhibits to this Complaint.

5.      WELLS FARGO BANK N.A. S/B/M WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK FSB, directly or through an agent, has possession of the Promissory Note. WELLS FARGO BANK N.A. S/B/M WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK FSB is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed. A copy of said Promissory Note is marked Exhibit "A", attached hereto and made a part hereof.

6.      On or about March 30, 2007, TARANI A. JOHNSON made, executed and delivered to WORLD SAVINGS BANK, FSB  a Mortgage in the original principal amount of $127,500.00 on the premises described in the legal description marked Exhibit "B", attached hereto and made a part hereof. Said Mortgage was recorded in the Office of the Recorder of PHILADELPHIA County on April 20, 2007, in Document ID 51676531. The Mortgage is a matter of public record and is incorporated herein by reference in accordance with Pa.R.C.P. 1019(g), which rule relieves the Plaintiff from its obligation to attach documents to pleadings if those documents are of public record.

7.      Plaintiff is the current Mortgagee by Successor by Merger to the Original Mortgagee.

Case ID: 171001006
PH # 978201

8.      TARANI A. JOHNSON and STATE TRUSTEE SERVICES, LLC AS TRUSTEE OF WEST MONTGOMERY LAND TRUST are the record and real owners of the aforesaid mortgaged premises.

9.      Defendants are in default under the terms of the aforesaid Mortgage for, inter alia, failure to pay the installments of principal and interest due March 1, 2009.

10.     As of 09/29/2017, the amount due and owing Plaintiff on the mortgage is as follows:

| | |
|---|---|
| Principal | $133,857.00 |
| Interest | |
| From 02/01/2009 to 09/29/2017 | $88,679.56 |
| Late Charges | $1,612.08 |
| Escrow Advance | $20,425.21 |
| Property Inspections | $445.00 |
| Property Preservation | $0.00 |
| BPO/Appraisal | $455.00 |
| Escrow Balance | $0.00 |
| Corporate Advance Credit | ($345.00) |
| Total | $245,128.85 |

plus interest and all other additional amounts authorized under the Mortgage and Pennsylvania Law, actually and reasonably incurred by Plaintiff, including but not limited to, costs (including escrow advances) and Plaintiff's attorneys' fees and expenses. Plaintiff reserves the right to file a motion in the above-captioned action to add such additional sums authorized under the Mortgage and Pennsylvania Law to the above amount due and owing when incurred.

11.     Notice of Intention to Foreclose as set forth in Act 6 of 1974, Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983, as amended in 2008, and/or Notice of Default as required by the mortgage document, as applicable, have been sent to the Defendant(s). A copy of said Notice is marked Exhibit "C", attached hereto and made a part hereof.

12.     This action does not come under Act 91 of 1983 because the mortgaged premises is not the principal residence of the mortgagor.

13.     This is an *in rem* action only against the aforesaid mortgaged premises.  Plaintiff is <u>not</u> seeking a judgment of personal liability against the Defendant(s), but reserves its right to do so in a separate legal action if such right exists. If Defendant(s) have received a discharge of personal liability in a bankruptcy proceeding, this action is in no way an attempt to re-establish such liability.

WHEREFORE, Plaintiff demands an *in rem* judgment in mortgage foreclosure for the amount due of **$245,128.85**, with interest thereon plus additional costs (including additional escrow advances), additional attorneys' fees and costs and for foreclosure and sale of the mortgaged premises.

Date:     OCT 0 5 2017     By: _____

Abigail Brunner, Esq., Id. No.319034
Attorney for Plaintiff

## VERIFICATION

Cindy Holmes, hereby states that she is Vice President Loan Documentation, of

WELLS FARGO BANK, N.A., plaintiff in this matter, that she is authorized to make this

Verification, and verify that the statements made in the foregoing Civil Action in

Mortgage Foreclosure are true and correct to the best of her information and belief.  The

undersigned understands that this statement is made subject to the penalties of 18 Pa. C.S.

Sec. 4904 relating to unsworn falsification to authorities.



Name: Cindy Holmes

Title: Vice President Loan Documentation

Company: Wells Fargo Bank, N.A.

Date: 10/02/2017

062-PA-V7                                          FILE# 978201

Case ID: 171001006

# Exhibit "A"

Case ID: 171001006

WORLD SAVINGS BANK, FSB

# FIXED RATE MORTGAGE NOTE

## PICK-A-PAYMENT<sup>sm</sup> LOAN

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY MONTHLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.

DATE: **March 30, 2007**

BORROWER(S):   **TARANI A JOHNSON, AN UNMARRIED WOMAN**   sometimes called "Borrower" and sometimes simply called "I" or "me."

PROPERTY ADDRESS: **5200 W MONTGOMERY AVE  H, PHILADELPHIA, PA  19131-3303**

### 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$127,500.00** , called "Principal," plus interest, to the order of the Lender. The Lender is **WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES**, or anyone to whom this Note is transferred.

### 2.   INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid.  I will pay interest at the yearly rate of 7.850%.  Interest will be charged on the basis of a twelve month year and a thirty day month.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

Case ID: 171001006

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay Principal and Interest by making payments every month.

I will make my monthly payments on the **1st** day of each month beginning on **May 1, 2007**. I will make these payments every month until I have paid (i) all the Principal and Interest; and (ii) any other charges described below that I may owe under this Note; and (iii) any charges that may be due under the Security Instrument. If, on **April 1, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ **500.48**. This amount will change as described in Sections 3(C) and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.

**(C) Payment Change Dates**

My monthly payment will change as required by Section 3(D) below beginning on the **1st** day of **May, 2008** and on that day every **12th** month thereafter until the **121st** month, which will be the final payment change. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below.

**(D) Calculation of Payment Changes**

Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance together with interest, including any deferred interest as described in Section 3(E) below, at the Maturity Date. However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap." The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date.

**THIS SPACE INTENTIONALLY LEFT BLANK**

Case ID: 171001006

(E)   Deferred Interest; Additions to My Unpaid Principal

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

(F)   Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments.

(G)   Final Payment Change

On the **10th** Payment Change Date my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply.

(H)   Notice of Payment Changes

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date.

**4.   FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

**5.   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due.  A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so.  The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing.  I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal.  During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

**6.   MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.   BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)   Late Charges for Overdue Payments

If the Lender has not received the full amount of any monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be **6.00%** of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

Case ID: 171001006

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading.

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument.

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time.

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at 825 N 29TH ST UNIT 116, PHILADELPHIA, PA 19130-1149, or at a single alternative address if I give the Lender notice of my alternative address. I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes.

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who takes over these obligations is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26:

AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED

Acceleration of Payment of Sums Secured. Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

Case ID: 171001006

**12.  GOVERNING LAW; SEVERABILITY**

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note.

**13.  CLERICAL ERRORS**

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error.

**14.  LOST, STOLEN OR MUTILATED DOCUMENTS**

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS**

Case ID: 171001006

SIGNATURE PAGE

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)
TARANI A JOHNSON

Case ID: 171001006

WITHOUT RECOURSE
PAY TO THE ORDER OF

Wells Fargo Bank, N.A., successor by merger to
Wachovia Mortgage, FSB, formerly known as
World Savings Bank, FSB

By: Sandra K. Parman
Sandra K. Parman
Vice President

WITHOUT RECOURSE
PAY TO THE ORDER OF

Wells Fargo Bank, N.A., successor by merger to
Wachovia Mortgage, FSB, formerly known as
World Savings Bank, FSB

CANCELLED

Case ID: 171001006

# Exhibit "B"

Case ID: 171001006

# LEGAL DESCRIPTION

ALL THAT CERTAIN tract or parcel of land located in the City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania, more particularly bounded and described as follows, to wit:

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE in the 52nd Ward of the City of Philadelphia, described according to a Survey and Plan of Property made for Kevon Park Apartments by Earl T. Boyer, Surveyor and Regulator of the 7th District,, dated May 23, 1977, to wit

BEGINNING at an interior point which interior point is measured South 3 degrees, 51 minutes, 58 seconds West the distance of 116.104 feet from a point on the Southeasterly side of Montgomery Avenue (70feet wide) which point is measured North 76 degrees, 56 minutes, 31 seconds East along the said Southeasterly side of Montgomery Avenue 207.998 feet from a point of intersection formed by the said Southeasterly side of Montgomery Avenue and the Northeasterly side of Peach Street (40 feet wide) thence extending from said point of beginning South 70 degrees, 51 minutes, 17 seconds, East crossing a concrete walkway and a flagstone walk and passing thru the average center of a party wall and crossing an existing concrete paving and a 1 foot wide concrete coping the distance of 129.486 feet to a point on the Northwesterly right of way line of Pennsylvania Schuylkill Valley Railroad; thence South 19 degrees, 8 minutes, 43 seconds West along the said Northwesterly right of way line of Pennsylvania Schuylkill Valley Railroad and the existing concrete paving 28.00 feet to a point, thence North 70 degrees, 51 minutes, 17 seconds West recrossing the concrete existing paving and the 1 foot wide concrete coping and passing thru the average center of a party wall and crossing a patio and recrossing the concrete walkway 121.837 feet to a point; thence North 3 degrees, 51 minutes, 58 seconds East crossing a concrete walkway 29.026 feet to a point; being the first mentioned point and place of beginning

## PROPERTY ADDRESS: 5200 WEST MONTGOMERY AVENUE, #15 A & B, A/K/A 5200-B WEST MONTGOMERY AVENUE, PHILADELPHIA, PA 19131-3303

## BRT#099N23-0136

File #:  978201

Case ID: 171001006

# Exhibit "C"

Case ID: 171001006

**PHELAN HALLINAN DIAMOND & JONES, LLP**
One Penn Center at Suburban Station
1617 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103
215-563-7000
Fax: 215-563-5534

March 29, 2016

TO: TARANI A. JOHNSON
5200 WEST MONTGOMERY AVENUE H
PHILADELPHIA, PA  19131-3303

TARANI A. JOHNSON
2289 BRYN MAWR AVENUE
PHILADELPHIA, PA  19131-2599

TARANI A. JOHNSON
5200 WEST MONTGOMERY AVENUE
#H
PHILADELPHIA, PA  19131-3303

STATE TRUSTEE SERVICES, LLC
AS TRUSTEE OF WEST MONTGOMERY
LAND TRUST
5200 WEST MONTGOMERY AVENUE H
PHILADELPHIA, PA  19131-3303

STATE TRUSTEE SERVICES, LLC
AS TRUSTEE OF WEST MONTGOMERY
LAND TRUST
5200 WEST MONTGOMERY AVENUE
#H
PHILADELPHIA, PA  19131-3303

STATE TRUSTEE SERVICES, LLC
AS TRUSTEE OF WEST MONTGOMERY
LAND TRUST
4535 WEST SAHARA AVENUE
SUITE 200
LAS VEGAS, NV  89102

Re:  Premises: 5200 WEST MONTGOMERY AVENUE H PHILADELPHIA, PA
19131-3303 A/K/A 5200 WEST MONTGOMERY AVENUE #H
PHILADELPHIA, PA  19131-3303

NOTICE OF INTENTION TO FORECLOSE

We represent WELLS FARGO BANK, N.A., Servicer for the holder of the debt owed on the above-referenced transaction, who has now advised that it will accelerate your mortgage (demand payment in full) and pursue the lender's sure remedies provided by the mortgage unless your loan delinquency are cured or provided below.

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.  THIS NOTICE IS SENT TO YOU IN AN ATTEMPT TO COLLECT THE INDEBTEDNESS REFERRED TO HEREIN AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE.  IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF A LIEN AGAINST PROPERTY.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by our firm.  If you notify our office in writing within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain and provide you with verification of the debt by mail.  Upon your written request within the thirty (30) day period, our office will provide you with the name and address of the original creditor, if different from the current creditor.

The total delinquency, including late and other charges is $81,870.40 for the months of 05/01/2012 through 03/01/2018.  Your failure to pay the delinquent amount, plus any additional monthly payments and late and other charges (including any accrued interest) that may come due within the next thirty (30) days, will result in the acceleration of all sums due under your Mortgage.  After acceleration occurs, a foreclosure action or any other remedy permitted by your mortgage may be instituted.

To avoid the acceleration of your mortgage and subsequent foreclosure action, the delinquency referenced above and any accrual thereto must be paid by CERT - ED CHECK OR MONEY ORDER and received in our office at PHELAN HALL VAN DIAMOND & JONES, LLP, One Penn Center at Suburban Station, Suite 1400, 1617 John F. Kennedy Boulevard, Philadelphia, PA 19103, on or before thirty (30) days from the date of this letter.  Please call (215) 563-7000 for the exact amount required.

You have the right to reinstate your mortgage after acceleration by fulfilling the conditions stated in your mortgage pertaining to such reinstatement.  You may call our office to discuss these conditions.

Any future negotiations attempting to reinstate your loan or acceptance of any payment less than the full amount due shall not

Case ID: 171001006

constitute a waiver by the mortgage holder of the acceleration unless agreed to in writing by the mortgage holder.

You have the right to assert in the foreclosure proceedings the non-existence of a default or any other defense to acceleration and foreclosure.

Very truly yours,

PHELAN HALLINAN DIAMOND & JONES, LLP

Certified Mail Numbers:
9214 8969 0096 4000 5348 01
9214 8969 0096 4000 5348 18
9214 8969 0096 4000 5348 25
9214 8969 0096 4000 5348 32
9214 8969 0096 4000 5348 49
9214 8969 0096 4000 5348 56